IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| LEE BARNETT,<br><br>          Plaintiff,<br><br>vs.<br><br>HOLCIM, INC.,<br><br>          Defendant. | CV 14–09–BU–DWM<br><br>ORDER |

Pending before the Court is Defendant Holcim, Inc.'s ("Holcim") motion for summary judgment. (Doc. 38.) Magistrate Judge Lynch entered findings and recommendations on August 19, 2015, recommending the Court grant-in-part and deny-in-part Holcim's motion. (Doc. 49.) The Court agrees. As the parties are familiar with the factual background, it will not be restated here.

Parties are entitled to *de novo* review of the specified findings or recommendations to which they object. 28 U.S.C. § 636(b)(1). Because neither party filed objections, the findings and recommendations are reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and

1

firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

Judge Lynch did not clearly err in determining that a genuine issue of material fact exists as to whether Plaintiff Lee Barnett's ("Barnett") employment was terminated for good cause. Mont. Code Ann. § 39-2-904(1)(b). Nor did he err in finding that Barnett's claim based on an alleged violation of Holcim's personnel policy fails as a matter of law. § 39-2-904(1)(c).

Accordingly, IT IS ORDERED that the Findings and Recommendation (Doc. 49) are ADOPTED IN FULL.

IT IS FURTHER ORDERED that Holcim's motion for summary judgment (Doc. 38) is GRANTED-IN-PART and DENIED-IN-PART. It is GRANTED as to Barnett's claim under § 39-2-904(1)(c), but DENIED as to Barnett's claim under § 39-2-904(1)(b).

Dated this 4th day of September, 2015.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT